**2**

DAVID P. CUSICK, #160467 TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #230856, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 24-24597-A-13C |
| | ) | DCN: DPC-1 |
| | ) | |
| AYANNA UMEKA SPIKES | ) | TRUSTEE'S OBJECTION TO |
| | ) | CONFIRMATION |
| | ) | |
| | ) | DATE: 12/17/2024 |
| | ) | TIME: 9:00 A.M. |
| | ) | JUDGE: CLEMENT |
| Debtors | ) | COURTROOM: 28, 7TH FLOOR |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor's Plan and does not recommend its confirmation.

1. **FEASIBILITY.** Debtor cannot make the Plan payments, does not appear to be able to comply with the Plan or to have the ability to make the Plan payments and has failed to carry the burden of showing that the Plan complies with applicable law under U.S.C. §1325(a)(1) & (6).

A. **FAILS LIQUIDATION:** The plan does not comply with 11 U.S.C §1325(a)(4) as the unsecured creditors would receive a higher distribution in a chapter 7 proceeding. According to Schedules A/B and C, the total value of non-exempt property in the

1

estate is $105,770.00. The non-exempt assets consist of bank accounts, utility deposits, copyrights, and a claim against a third party. The total amount that will be paid to unsecured creditors is $0.00 or 0%.

B. **DELINQUENCY:** All sums required by the Plan have not been paid, (11 U.S.C. §1325(a)(2)), and the Debtor may not be able or willing to make the Plan payments based on the current delinquency under the pending Plan, (11 U.S.C. §1325(a)(6)). The Debtor is $2,000.00 delinquent in Plan payments to the Trustee through 11/2024. The case was filed on 10/12/2024. The Plan in §2.01 calls for payments to be received by the Trustee not later than the 25th day of each month beginning the month after the order for relief under Chapter 13. The Debtor has paid $0.00 into the Plan to date and has failed to commence plan payments.

C. **NON-STANDARD PROVISIONS- ENSMINGER PROVISIONS:** The Debtor is proposing an adequate protection plan using terms some of the departments of the Court have approved before, locally known as the "Ensminger Provisions". The Trustee has reviewed these provisions, and they appear to comply with the Court's approved language. However, the Trustee is bringing this language to the attention of the Court, as the Trustee is aware that this Department does not usually approve this type of language in the plan since these types of provisions could be construed as an impermissible modification of the Debtor's mortgage as prohibited in 11 U.S.C. §1322.

WHEREFORE the movant requests that the Court enter an order denying the Debtor's Plan.

Dated: 11/26/2024                                /s/ Kristen Koo_____
                                                 Kristen Koo, Attorney for Trustee